UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MICHELLE KALINKINA,

                                        Plaintiff,

            -against-

MARTINO CARTIER ENTERPRISES, LLC, MARTINO
CARTIER SALON WASHINGTON TWP LLC,
MARTINO CARTIER, AND BERSHEART LLC,

                                        Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**

**Docket #: 16CV8331**

**Hon. Robert W. Sweet**

**TRIAL BY JURY
DEMANDED**

Plaintiff, by her attorneys, **Bruce Montague & Partners**, complaining of the

Defendants, respectfully alleges, upon information and belief, as follows:

## JURISDICTION

1.  This Amended Complaint is being filed pursuant to F.R.C.P. 15 (a) (1) as Defendants
    have made a motion to dismiss pursuant to Rule 12(b)(6) on February 6, 2017. This
    Amended Complaint is filed and served less than 21 days after service of that motion.

2.  That at all times herein mentioned, Jurisdiction in the herein action is based upon 28
    U.S.C. § 1332(a)(1).

3.  That the amount in controversy exceeds $75,000.

4.  At all times herein mentioned, Plaintiff **MICHELLE KALINKINA** is a citizen of the
    State of New York.

1

5.   At all times herein mentioned, Defendant **MARTINO CARTIER ENTERPRISES, LLC** is a citizen of the State of New Jersey by virtue of being incorporated in the State of New Jersey.

6.   At all times herein mentioned, Defendant **MARTINO CARTIER SALON WASHINGTON TWP LLC** is a citizen of the State of New Jersey by virtue of being incorporated in the State of New Jersey.

7.   At all times herein mentioned, Defendant **MARTINO CARTIER** is a citizen of the State of New Jersey.

8.   At all times herein mentioned, Defendant **BERSHEART LLC** is a citizen of the State of New Jersey by virtue of being incorporated in the State of New Jersey.

9.   At all times herein mentioned, Defendant **MARTINO CARTIER ENTERPRISES, LLC** committed a tortious act within the State of New York.

10.  At all times herein mentioned, Defendant **MARTINO CARTIER SALON WASHINGTON TWP LLC** committed a tortious act within the State of New York.

11.  At all times herein mentioned, Defendant **MARTINO CARTIER** committed a tortious act within the State of New York.

12.  At all times herein mentioned, Defendant **BERSHEART LLC** committed a tortious act within the State of New York.

13.  That the events giving rise to this claim occurred in the Southern District of the State of New York, County of New York.

## **VENUE**

14.  Venue of this action is based upon 28 U.S.C. 1391(a)(1).

2

## AS AND FOR A FIRST CAUSE OF ACTION IN NEGLIGENCE

15. At all times herein mentioned, Plaintiff **MICHELLE KALINKINA** is a professional model and has been employed in the modeling industry since approximately 2011.

16. That on or about March 7, 2016, Plaintiff **MICHELLE KALINKINA** was within the Jacob Javits Convention Center (hereinafter "Javits Center"), in the County of New York.

17. That on or about March 7, 2016, within the Javits Center, Plaintiff **MICHELLE KALINKINA**, due to her status as a professional model, was undergoing a public demonstration of having her hair cut and styled.

18. That on or about March 7, 2016, Plaintiff **MICHELLE KALINKINA** was having her hair cut by Defendant **MARTINO CARTIER**.

19. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **MARTINO CARTIER ENTERPRISES, LLC**.

20. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **MARTINO CARTIER ENTERPRISES, LLC** within the course and scope of his employment.

21. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **MARTINO CARTIER SALON WASHINGTON TWP LLC**.

22. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **MARTINO CARTIER SALON WASHINGTON TWP LLC** within the course and scope of his employment.

3

23. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of himself individually.

24. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair within the course and scope of his employment as an individual.

25. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **BERSHEART LLC**.

26. That on or about March 7, 2016, Defendant **MARTINO CARTIER** was cutting Plaintiff's hair on behalf of Defendant **BERSHEART LLC** within the course and scope of his employment.

27. That on or about March 7, 2016, Defendants had a duty to perform the haircut demonstration in a safe, careful, and prudent manner so as to avoid any harm to Plaintiff.

28. That on or about March 7, 2016, at approximately 4:10 PM, while Defendant **MARTINO CARTIER** was cutting Plaintiff's hair within the Javits Center, Defendant cut Plaintiff's neck with scissors, and as a result, Plaintiff was caused to sustain scarring to her neck area.

29. That Defendants, their agents, employees, and/or licensees were careless, negligent and reckless while in the course of cutting Plaintiff's hair; in cutting Plaintiff's hair in an unsafe manner; in cutting said hair at too fast a pace that can be considered safe; in cutting Plaintiff's neck; in failing to properly supervise the haircut; in performing a haircut in a dangerous and negligent manner; in failing to show proper care while utilizing a sharp and dangerous instrument; in failing to consider Plaintiff's safety; in failing to pay proper attention while cutting Plaintiff's hair; in causing, allowing and

4

permitting a dangerous situation which caused harm to Plaintiff; in performing a negligent act upon Plaintiff; in causing Plaintiff foreseeable harm; and in being otherwise careless, negligent and reckless.

30. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

31. That as a result of the aforesaid, Plaintiff **MICHELLE KALINKINA** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

32. That by reason of the foregoing, Plaintiff **MICHELLE KALINKINA** has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION IN GROSS NEGLIGENCE

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs "1" through "32" as though fully set forth and pleaded at length herein.

34. That Defendant **MARTINO CARTIER** failed to exercise even slight care while in the course of using a sharp instrument to cut Plaintiff's hair.

35. That the conduct of Defendant **MARTINO CARTIER** evinced a reckless indifference to the rights and safety of Plaintiff.

36. That Plaintiff was the second person to be cut by Defendant **MARTINO CARTIER** that day and Defendants should have prevented the further reckless conduct.

5

37. That Defendant **MARTINO CARTIER** was acting in an unprofessional manner prior to the demonstration and Defendants failed to demand that **MARTINO CARTIER** act in a professional and responsible manner.

38. That Defendants **MARTINO CARTIER and others** actively prevented emergency treatment to Plaintiff thereby worsening Plaintiff's injury.

39. That Defendant **MARTINO CARTIER** actively prevented Plaintiff from immediately leaving the stage to seek treatment.

40. That Defendants knowingly misinformed Plaintiff as to the extent of the injury thereby worsening plaintiff's injury.

41. That Defendants attempted to conceal the injury, thereby worsening plaintiff's injury.

42. That such conduct rises to the level of gross negligence.

**43.** That by reason of the foregoing, Plaintiff **MICHELLE KALINKINA** has been damaged in the amount of FIVE MILLION ($5,000,000.00) DOLLARS.

   **WHEREFORE**, Plaintiff **MICHELLE KALINKINA** demands judgment against the

Defendants in the amount of FIVE MILLION ($5,000,000.00) DOLLARS on the First Cause of

Action; and Plaintiff **MICHELLE KALINKINA** demands judgment against the Defendants in

the amount of FIVE MILLION ($5,000,000.00) DOLLARS on the Second Cause of Action,

together with costs and disbursements of this action.

Dated:          Bayside, NY
                January 17, 2017

                                                   Yours, etc.

                                                   Craig T. Gardy
                                                   Bar#2658045
                                                   Bruce Montague & Partners
                                                   Attorney for Plaintiff
                                                   Michelle Kalinkina
                                                   212-45 26th Avenue, Suite #7
                                                   Bayside, NY 11360

7