UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MICHELLE KALINKINA

                                Plaintiff(s),

    -against-

MARTINO CARTIER ENTERPRISES, LLC, MARTINO
CARTIER SALON WASHINGTON TWP LLC, MARTINO
CARTIER, AND BERSHEART LLC
                            Defendant(s).
-------------------------------------------------------------------X

Docket No.:
16CV8331(RWS)

## MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS

By: Craig Ian Gardy (2658045)
Bruce Montague & Partners
Attorneys for Plaintiff
MICHELLE KALINKINA
212-45 26th Avenue
Bayside, NY 11360
718-279-7555

1

I. **PRELIMINARY STATEMENT**

On March 7, 2016 Plaintiff was performing her job as a professional hair model for a trade show at the Jacob Javitz Convention Center in New York City. She was employed that day to perform in a hair cutting demonstration by Defendants, specifically Martino Cartier. During the course of the haircutting demonstration, Mr. Cartier sliced the back of Plaintiff's neck causing her to be injured and sustain a scar. Defendants have now moved for dismissal of Plaintiff's action based upon an alleged release given prior to the demonstration. As will be shown, that release did not cover personal injuries or bodily injuries sustained by the Plaintiff, is not accepted under New York law to the extent is relates to employment and does not release defendants for gross negligence. Therefore, Defendant's motion to dismiss should be denied in its entirety, with prejudice.

II. **LEGAL STANDARD**

"When ruling on a motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The court in resolving the motion to dismiss will draw all reasonable inferences in favor of the plaintiff. See Koch v. Christies's Int'l PLC, 699 F.3d 141 (2nd Cir. 2012). Plaintiff is entitled to a generous reading of the complaint whereby the Court construes all reasonable inferences form its allegations in favor of the

plaintiff. See Lee v. Sony BMG Music Entertainment Inc., 557 F.Supp2d 418 (SDNY 2008)

### III.    LEGAL ARGUMENT

#### A. ANY EXEMPTION FROM THE CONSEQUENCES OF NEGLIGENCE MUST BE EXPRESS AND CLEAR

It has long been the law in the State of New York that "[A]lthough exculpatory clauses in a contract, intended to insulate one of the parties from liability resulting from his own negligence, are closely scrutinized they are enforced, but with a number of qualifications." Ciofalo v. Vic Tanney Gyms, Inc., 10 N.Y.2d 294 (1961), 220 N.Y.S.2d 962.  "[O]f course, contracts may not be construed to exempt parties from the consequences of their own negligence in the absence of express language to that effect." Ciafolo at 297.

"So, it has been repeatedly emphasized that unless the intention of the parties is expressed in unmistakable language, an exculpatory clause will not be deemed to insulate a party from liability for his own negligent acts. Gross v. Sweet, 49 N.Y.2d 102 at 107, 424 N.Y.S.2d 365.  "By and large, is such is the intention of the parties, the fairest course is to provide explicitly that claims based on negligence are included…" Gross at 108.  The language "must clearly appear that the limitation of liability extends to the negligence or other fault of the party attempting to shed his ordinary responsibility before an exculpatory clause will be given legal effect.

<u>Abramowitz v. Dental Center</u>, 110 A.D.2d 343 (1st Dept. 1985), 494 N.Y.S.2d 721.

Examining the "Model Release" in the instant case shows there was no express (or implied) language exempting the Defendants from the consequences of their own actions. There is no mention of the words negligence, personal injury or bodily injury. This release, in several paragraphs including the paragraph mentioning liability, always relates back to the "material." There was never a release by the Plaintiff of her rights to personal or bodily injury actions.

This is inapposite to <u>Sherry v. Wal-Mart Stores East, L.P.</u> 67 A.D.3d 992 (2nd Dept. 2009), 889 N.Y.S.2d 251 in which a customer was injured by merchandise which fell from a display that was assembled by the vendor, Coca Cola Enterprises. Walmart brought a third-party action against Coca Cola Enterprises based upon their contractual indemnification. The court stated that "…in the final sentence the indemnification clause obligates Coca Cola to indemnify Walmart for personal injuries…the indemnification clause was not limited to claims arising out of those categories specifically set forth in the previous portion of the clause, namely infringement, products liability, and violations of law or regulations." <u>Sherry</u> at 995. That is exactly the opposite of Ms. Kalinkina's Model Release in which a release from personal injuries or bodily injuries was not set forth in the release, but the release did refer solely to the prior paragraphs mention and definition of "material." See also <u>Soverign Bank v. Biagioni</u>, 115 A.D.3d 847, 982 N.Y.S.2d 322, <u>Trummer v. Niewisch</u>, 17 A.D.3d 349 (2nd Dept. 2005), 792 N.Y.S.2d 596   In fact, defendants conveniently and

4

consistently refrain from highlighting that important modifier with the release paragraph, "in connection with the material". On page 7 of the memorandum of law, defendants highlight a portion of the paragraph, but not that important modifier and again on page 8 of the memorandum of law.

The release in this case does not contain the word negligence. In <u>Commercial Union Fire Ins. Co. v. Blue Water Yacht Club Ass'n</u>, 289 F.Supp2d 337(2003), Judge Spatt found (at page 341) that a disclaimer did not meet the standards for such a disclaimer in New York State when "(1) the disclaimer does not expressly state that Blue Water is relieved of its own negligence...(2) the disclaimer does not contain the word 'negligence' nor does it contain any language that conveys a similar meaning to disclaim negligence...(3) the fact that licensees who enter into these agreements with Blue Water may not be sophisticated businessman requires Blue Water state any disclaimer of negligence precisely and in plain language...(4) the ambiguities contained in the provision are construed against the dafter, Blue Water..."

By contrast, defendants have cited <u>Medinol Ltd. v. Boston Scientific Corp., etal</u>, 346 F.Supp. 2nd 575 (S.D.N.Y. 2004) which found the parties to be in equal bargaining position and have ready access to counsel. In the instant case, the exact opposite facts exist. The parties aren't in equal bargaining position, as Ms. Kalinkina is seeking employment and Ms. Kalinkina did not have ready access to counsel prior to signing this Model Release in her attempt to earn $150.

Defendants also cite to <u>Boateng v. Motorcycle Safety School, Inc.</u> 51 A.D.3d 702, 858 N.Y.S.2d 312 (2nd Dept. 2008) in which the release "clearly and unequivocally

consistently refrain from highlighting that important modifier with the release paragraph, "in connection with the material". On page 7 of the memorandum of law, defendants highlight a portion of the paragraph, but not that important modifier and again on page 8 of the memorandum of law.

The release in this case does not contain the word negligence. In <u>Commercial Union Fire Ins. Co. v. Blue Water Yacht Club Ass'n</u>, 289 F.Supp2d 337(2003), Judge Spatt found (at page 341) that a disclaimer did not meet the standards for such a disclaimer in New York State when "(1) the disclaimer does not expressly state that Blue Water is relieved of its own negligence...(2) the disclaimer does not contain the word 'negligence' nor does it contain any language that conveys a similar meaning to disclaim negligence...(3) the fact that licensees who enter into these agreements with Blue Water may not be sophisticated businessman requires Blue Water state any disclaimer of negligence precisely and in plain language...(4) the ambiguities contained in the provision are construed against the dafter, Blue Water..."

By contrast, defendants have cited <u>Medinol Ltd. v. Boston Scientific Corp., etal</u>, 346 F.Supp. 2nd 575 (S.D.N.Y. 2004) which found the parties to be in equal bargaining position and have ready access to counsel. In the instant case, the exact opposite facts exist. The parties aren't in equal bargaining position, as Ms. Kalinkina is seeking employment and Ms. Kalinkina did not have ready access to counsel prior to signing this Model Release in her attempt to earn $150.

Defendants also cite to <u>Boateng v. Motorcycle Safety School, Inc.</u> 51 A.D.3d 702, 858 N.Y.S.2d 312 (2nd Dept. 2008) in which the release "clearly and unequivocally

expresses the intention of the parties to relieve the defendant of liability **for personal injuries sustained by the plaintiff by reason of its negligence**" [Emphasis added]. Indeed, the defendants have not cited a case in New York State in which an exculpatory clause has been upheld to exclude damages for personal injuries without using the words personal injury or bodily injury and negligence.

For there to be a release for negligent acts, the release must be clear and unequivocal. In the instant matter, the release is anything but that. Ms. Kalinkina never released anything other than the right of the defendants to use her image as they saw fit. The word liability in the release is used "in connection with the material…" There is no clear and unequivocal release for defendants own negligence for personal injuries as is required by New York State law.

## B. <u>EXCULPATORY CLAUSES AS A CONDITION OF EMPLOYMENT ARE NOT ENFORCED IN NEW YORK STATE</u>

As alleged in the complaint and amended complaint, Ms. Kalinkina was injured during the course of her employment as a professional model. New York State courts have consistently found that exculpatory clauses releasing a party from its own negligence are void as against public policy in an employment situation. The courts will ignore a release when it is imposed by an employer upon an employee. A release will be ignored on the grounds of a special relationship between the parties such as

when it is imposed as a condition of employement.  See Gross , Supra at 107, Ciofalo, Supra.

There is no dispute that Ms. Kalinkina was presented her release prior to the start of her work for the Defendant's hair cutting demonstration.  There is also no dispute that she was injured while in the course of her employment.   Therefore the release is void as against public policy.

### C. PLAINTIFF HAS ALLEGED GROSS NEGLIGENCE IN HER AMENDED COMPLAINT

Plaintiff has amended her complaint (See Plaintiff Ex. A) to include a claim for gross negligence.  Plaintiff included specifics of the gross negligent acts within her complaint, including acting in an unprofessional manner prior to the demonstration and preventing Plaintiff from obtaining emergency treatment after the incident. (See Ex. A Pars. 37-41)   Gross negligence is "the failure to exercise even slight care, scant care, or slight diligence…" Food Pageant, Inc. v. Consolidated Edison Co., 54 N.Y.2d 167, 445 N.Y.S.2d 60.  Gross negligence may also be defined as "disregard for the consequences of an act without any attempt to avoid them and with indifference to the rights of others impacted by the act" Federal Insurance Company v. Honeywell Inc., 641 F.Supp. 1560 (S.D.N.Y 1986)     Whichever definition is used, Plaintiff has alleged facts within her Amended Complaint to move forward with her claim.

New York State law is clear, exculpatory agreements, to the extent they

"purport to grant exemption for liability for willful or grossly negligent acts they have been viewed as wholly void" Gross, Supra at 106. "But an exculpatory agreement, no matter how flat and unqualified its terms, will not exonerate a party from liability under all circumstances. Under announced public policy, it will not apply to exemption of willful or grossly negligent acts." Kalisch-Jarcho v. City of NY 58 N.Y.2d 377 (1983).

## CONCLUSION

The exculpatory clause which Defendant purports to use as a complete defense to their negligence, in fact, does no such thing. First, the clause does not specifically, clearly and convincingly set forth that Plaintiff is excusing defendants for her personal or bodily injury caused her by defendants own negligence. Language to that effect is not used anywhere within the release. As set forth above, any release for ones own negligent act must clearly and unequivocally express that intention. In this case, there was no such clear and unequivocal expression. Second, Plaintiff was not there as a member of the public attending the demonstration, she was there in her employment capacity. New York State does not recognized exculpatory language as a condition precedent to employment. Lastly, Plaintiff has alleged specific allegations of Gross Negligence. New York State has held that any exculpatory release as to Gross Negligence is void as against public policy.

Therefore Defendants motion should be denied in its entirety.

DOCKET NO. 16CV8331
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHELLE KALINKINA

                        Plaintiff(s),

   -against-

MARTINO CARTIER ENTERPRISES, LLC, MARTINO CARTIER SALON WASHINGTON TWP LLC, MARTINO CARTIER, AND BERSHEART LLC
                        Defendant(s).

---

### MEMORANDUM OF LAW

---

**Bruce Montague & Partners**
*Attorneys for Plaintiff(s)*
212-45 26th Avenue
Bayside, NY 11360
(718) 279-7555